## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VINCENT POOLE, | * | |
| Plaintiff. | * | |
| v | * | Civil Action No. PJM-21-2654 |
| STATE OF WEST VIRGINIA, STATE OF MARYLAND, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*

## MEMORANDUM OPINION

Vincent Poole of Rockville, Maryland filed this action pro se, alleging in the complaint, as best as can be discerned that he was served a "false contempt order" in Maryland in a child abuse case involving his children. Complaint, ECF 1 at 9. The order was issued by a West Virginia state court. Poole asserts that an unidentified Maryland "judge said he can't do nothing about a[n]out of state order but let's [sic] the defendants file an unconstitutional and due process order in the court of Maryland and discriminating false paper trail" which he explains "now leads me to this court. *Id.* at 10. Poole names the State of West Virginia and Maryland as defendants in the caption of the complaint. In the body of the complaint, he names Larry Hogan, the Governor of Maryland and Patrick Morrisey, the Governor of West Virginia as defendants. *Id.* at 3, 5. Pool further alleges:

> I am suing the state of government of Maryland for there [sic] role and for Maryland State government to go after the defendants the people involved in WV State government because there [sic] using there [sic] power to falsify jurisdiction to over throw [sic] Maryland judicial system and both systems are bias and prejudice against me.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> There here is a mob racketeering crime organization everyone all the way up to the supreme court justices are committing crimes of obstruction they all were charged and convicted of crimes and even one of the judge's [sic] sued for due process but unconstitutionally do [sic] processed me and y children in the court of law as a supreme court justice and conflicts of interest. I can't sue or get justice with out [sic] a full honest investigation.

*Id.* at 11.

Poole requests a peace order, to press criminal charges against unidentified parties, a full investigation of the Department of Justice and other unnamed state and federal agencies, "at least" $500 million, and an expedited hearing. *Id.* at 12.

As a preliminary matter, the Court must determine whether it has jurisdiction over the claims presented. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Poole asserts this Court has jurisdiction over his claims based on federal question and diversity of the parties' jurisdiction. ECF No. 1 at 4. The federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse

2

citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). A party seeking to invoke diversity jurisdiction under § 1332, bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). Complete diversity of citizenship requires that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

Here, Plaintiff specifies no constitutional provision or federal law violated by either Governor Hogan or Governor Morrisey, nor is any suggested by the complaint. The complaint alleges no involvement by either governor in the matters at issue. Further, because Governor Hogan and Poole are both domiciled in Maryland, there is no basis for jurisdiction premised on diversity of the parties. Without a jurisdictional basis for suit in federal court, plaintiff's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority, even where, as here, the plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same). The federal rules require dismissal when there is a determination that there is no jurisdiction, even where as is the case here, the plaintiff has fully paid the filing fee. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1]

---

[1] Because the case is dismissed for lack of jurisdiction, the court will not address immunity conferred on the states and state officers under the Eleventh Amendment.

3

For these reasons, this case will be dismissed with prejudice. A separate Order follows.

_11/2/21_
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE